UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| CURTIS A. ATWOOD, | NO. CIV. 2-09-02224 FCD/DAD |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| SHORE COMMUNICATIONS, INC., DOES 1-10 | |
| Defendant. | |

----oo0oo----

This matter comes before the court on plaintiff Curtis A. Atwood's ("Atwood" or "plaintiff") motion for remand to state court. Defendant Shore Communications, Inc. ("Shore" or "defendant") opposes the motion. For the reasons set for below,[1] plaintiff's motion for remand is DENIED.

/////

---

[1] Because oral argument will not be of material assistance, the court orders this matter submitted on the briefs. E.D. Cal. Local Rule 78-230(h).

1

## BACKGROUND[2]

Plaintiff commenced employment with Shore on or about September 9, 2008 as a cable wiring technician. (Compl. ¶ 5.) On or about December 3, 2008, he was promoted, and his employment compensation status became hourly. (Id.) Plaintiff claims that he was often required to work more than 8 hours per day or 40 hours per week. (Id. ¶ 6.) Plaintiff also alleges that he was not allowed proper rest and meal breaks, and on at least nine occasions, his paychecks did not accurately reflect the hours he worked. (Id. ¶ 8.)

On or about December 22, 2008, plaintiff became eligible for employer-sponsored health care, and he requested the necessary paperwork for enrollment. Plaintiff alleges that each request was denied. (Id.) On or about January 15, 2009, plaintiff enrolled himself and his daughter in the employer-sponsored health care program, and at the next pay period, $500.00 was withdrawn from his paycheck without notice. (Id. ¶ 11.) Plaintiff was informed that this was the premium payment for the health program, and he immediately requested to alter the plan to only include coverage of himself so that he could afford continued coverage. Plaintiff alleges that Shore unexpectedly dropped him from the health plan completely. (Id.)

On March 6, 2009 plaintiff fell from a utility pole and was injured. After reporting the injury, plaintiff claims that he was not provided with workers' compensation nor informed of his rights relating to recovery. Plaintiff was forced to miss work

---

[2] The facts are taken from the allegations in plaintiff's complaint.

due to his injury.  During this time, he informed his supervisors that he needed to see a physician, but no longer had health care coverage.  Plaintiff alleges that he was instructed to stop whining and get back to work.  He was also threatened with increasingly more difficult work if he did not resume his job responsibilities immediately.  Plaintiff was unable see a physician, but attempted to resume work.  (Id. ¶ 21.)

Upon his return, plaintiff was assigned the most physically rigorous tasks, which also included extensive traveling duties.  Plaintiff also alleges that he voiced concern about practices and policies that Shore instructed him to follow, including breaking into secured rooms to disconnect cable access and driving with an unsecured tall ladder in the bed of his truck.  (Id. ¶¶ 15, 16.)  Because of the alleged physical and verbal harassment which resulted, plaintiff felt compelled to leave the company.

Plaintiff initially filed this action on July 10, 2009 in the Sacramento County Superior Court, alleging 11 various employment related causes of action, including failure to pay overtime compensation, failure to pay wages when due, failure to allow meal and rest periods, disability discrimination, retaliation, failure to engage in the interactive process, failure to provide reasonable accommodation, whistle-blower retaliation, wrongful termination, intentional infliction of emotional distress, and disability harassment.  Plaintiff seeks monetary relief, attorneys' fees, and punitive damages for defendant's alleged conduct.

Defendant Shore Communications, Inc. ("Shore") removed this action to federal court on August 11, 2009, asserting that the

Employee Retirement Income Security Act of 1974 ("ERISA") and the Fair Labor Standards Act ("FLSA") confer federal question jurisdiction because plaintiff's claims arise out of these statutes and raise substantial questions of federal law. Plaintiff maintains that federal jurisdiction does not exist because the FLSA and ERISA did not create his right to sue or provide him with a right of action. Plaintiff also prays for attorney's fees incurred in litigating the motion to remand.

**STANDARD**

A civil case may be removed to federal court if the district court has original federal question jurisdiction. 28 U.S.C. § 1441(b). Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The party invoking removal bears the burden of establishing federal jurisdiction. See Harris v. Provident Life and Acc. Ins. Co., 26 F.3d 930, 932 (9th Cir. 1994) (quoting Gould v. Mutual Life Ins. Co., 790 F.2d 769, 771 (9th Cir. 1986)). Furthermore, 28 U.S.C. § 1441 is construed strictly against removal jurisdiction. Fardella v. Downey Savings & Loan Ass'n, No. 00-4393, 2001 WL 492442, at *1 (N.D. Cal. May 9, 2001) (citing Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999)).

Removal is proper where plaintiff's complaint asserts claims created by federal law or where a substantial federal issue of law exists. Merrell Dow Pharm. v. Thompson, 478 U.S. 804, 808-10 (1986). As a general rule, the court determines the existence of removal jurisdiction by considering the allegations on the face of the plaintiff's "well-pleaded complaint." See City of Chicago

v. Int'l College of Surgeons, 522 U.S. 156 (1997). However, this general rule does not apply when plaintiff attempts to defeat removal by using "artful pleading" to characterize or disguise a federal claim as a state claim. See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1393 (9th Cir. 1988). When the plaintiff has "artfully pleaded" his claims, the district court may examine the entire record to determine the true nature of the claims, regardless of plaintiff's characterization thereof. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 397 n.2 (1981).

**ANALYSIS**

**A. Employee Retirement Income Security Act ("ERISA")**

Defendant removed this action from the Sacramento County Superior Court based, in part, upon its assertion that plaintiff's plaintiff's eighth, ninth, and tenth claims for relief alleging whistle blower retaliation, wrongful termination, and intentional infliction of emotional distress arising out of numerous references to "employer-sponsored healthcare" throughout the complaint are preempted by ERISA.[3]

ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described" in the statute. See 29 U.S.C. § 1144(a). "In order to ensure that pension and benefit plans would be an exclusively federal concern, Congress included a 'deliberately expansive' preemption

---

[3] In its supplemental briefing, defendant clarified that it does not contend plaintiff's FEHA claims are preempted because such claims are within the statutory preemption exception set forth in § 1144(d). As such, to the extent plaintiff's claims arise out of or are related to FEHA, the court does not address those claims herein.

5

provision as part of ERISA." Roessert v. Health Net, 929 F. Supp. 343, 348 (1996) (citing Pilot Life Ins. Co. v. Deadeaux, 481 U.S. 41, 45-46 (1987)).  Even if a complaint alleges solely state law causes of action and does not explicitly refer to an employee benefit plan, it may nevertheless be preempted by ERISA if the claims "relate to" an ERISA plan.  See Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1404 (9th Cir. 1988).  However, although preemption pursuant to Section 1144(a) may provide an adequate defense, it does not necessarily provide an adequate basis for removal.  Becerra v. The McClatchy Co., 2009 U.S. Dist. LEXIS 48429 at *6 (E.D. Cal. May 27, 2009) (citing Toumajian v. Frailey, 135 F.3d 648, 654 (9th Cir. 1998) ("[T]he mere fact that ERISA preemption under § 1144(a) may be raised as a defense, or is in actuality a defense, does not confer jurisdiction or authorize removal.").

There is a two prong test to determine whether a claim for relief is completely preempted by ERISA and therefore, removable to federal court.  Toumajian, 135 F.3d at 652; Aetna Health Inc. v. Davila, 542 U.S. 200, 209 (2004).  First, the court must determine whether the state law claim alleged by the plaintiff sufficiently "relates to" an ERISA plan pursuant to 29 U.S.C. § 1144(a).  Toumajian, 135 F.3d at 652.  State law claims "relate to" an ERISA plan when the plan is a critical factor in establishing liability, or when the purpose of the alleged misconduct was to avoid payment under an ERISA plan.  See Dean v. Jet Svcs. West, Inc., 782 F. Supp. 498, 499-500 (S.D. Cal. 1991) (citing Ingersoll-Rand Co. v. McClendon, 498 U.S. 133, 140 (1990)).  However, ERISA preemption is proper only when a

6

plaintiff alleges that the deprivation of ERISA benefits was the motivation for, rather than a mere consequence of, the constructive discharge. See Ethridge, 861 F.2d at 1405 (holding that state law claims were not preempted simply because the plaintiff sought to recover lost salary and benefits); see also Campbell v. Aerospace Corp., 123 F.3d 1308, 1313-14 (9th Cir. 1997) (holding that no ERISA preemption where plaintiff did not allege that loss of benefits was in and of itself wrongful or illegal, but instead based claim upon employer's wrongful retaliation for whistle-blowing on illegal billing activities).

Second, the court must determine whether the plaintiff's state and common law claims fall within the scope of ERISA's civil enforcement scheme, 29 U.S.C. § 1132(a)(1)(B)), and if "despite its state law label, the claim is one to recover or remedy the denial of ERISA benefits." Becerra at *7 (citing Cleghorn v. Blue Shield of Cal., 408 F.3d 1222, 1225 (9th Cir. 2005); Marin General Hospital v. Modeto & Empire Traction Co., 2009 U.S. App. LEXIS 20161 (9th Cir. Sept. 10, 2009). ERISA's civil enforcement scheme provides a participant or beneficiary with a right "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). If an individual brings suit complaining of a denial of coverage for medical care and the individual is entitled to such coverage only because of the terms of an ERISA-regulated employee benefit plan, then the suit falls "within the scope of" ERISA. Aetna Health Inc. v. Davila, 542 U.S. 200, 211 (U.S. 2004) (citing Metropolitan Life v. Taylor,

7

481 U.S. 58, 66, 95 L. Ed. 2d 55, 107 S. Ct. 1542 (1987)). Further, when a plaintiff sought benefits under a plan, which he did not receive, and chooses to pursue state law claims instead of an ERISA remedy, such claims are completely preempted. Cleghorn, 4078 F.3d at 1225 (holding that claims under California's Unfair Competition Law and Consumer Legal Remedies Act were preempted because the crux of the plaintiff's claims challenged the denial of benefits pursuant to an ERISA plan).

In this case, plaintiff's eighth cause of action alleges that the defendant retaliated against him in violation of California Labor Code § 1102.5 for opposing, *inter alia*, the revocation of his employer sponsored healthcare, defendant's failure to provide him with a workers' compensation claim form after he reported an on the job injury, and lack of access to medical care after his injury and subsequent disability. (Compl. ¶ 49.)[4] Similarly, plaintiff's ninth and tenth causes of action for wrongful termination and intentional infliction of emotional distress allege that his termination resulted, in part, due to his vocal opposition to this conduct and that he suffered emotional distress as a result thereof. (Id. ¶ 52.) These claims are premised on plaintiff's allegations that defendant's denial of coverage and access to medical care were unlawful, which is inextricably intertwined with defendant's ERISA plan. Further, plaintiff alleges that instead of responding to his complaints and providing the appropriate benefits, he was

---

[4] As set forth above the court does not address plaintiff's claims to the extent they are based upon FEHA related activities.

8

harassed and constructively terminated.  Thus, plaintiff alleges that his complaints regarding the deprivation of ERISA benefits serves as defendant's motivation for his constructive termination.  However, instead of pursuing his ERISA remedy for the alleged wrongful denial of these benefits, plaintiff brought state tort claims challenging the same conduct.

Therefore, to the extent plaintiff's eighth, ninth, and tenth causes of action arise out of the alleged wrongful denial of ERISA benefits and lack of access to medical care, such claims are completely preempted by ERISA and removal by defendant was proper.

**B.   Fair Labor Standards Act ("FLSA")**

Defendant also removed this action on the basis that plaintiff's complaint contains a removable FLSA claim.  Specifically, under his first cause of action for failure to pay overtime compensation, plaintiff alleges that federal law imposes restriction on the number of hours employees can be required to work.  (Compl. ¶ 24.)  In his motion to remand, plaintiff clarified his intention to bring an overtime claim pursuant only to the "more stringent standards" imposed by California law. (Pl.'s Mot. to Remand, filed Aug. 20, 2009, at 4.)  While, on their face, the allegations in plaintiff's complaint give rise to federal question jurisdiction, the court will allow plaintiff to amend his complaint to accurately reflect his proffered intention.

**CONCLUSION**

For the foregoing reasons, plaintiff's motion to remand is DENIED.  plaintiff is granted twenty (20) days from the date of

this order to file an amended complaint in accordance with this order.  Defendants are granted thirty (30) days from the date of service of plaintiff's amended complaint to file a response thereto.

IT IS SO ORDERED.

Dated: December 7, 2009

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE